HOOD, Judge.
Lou Ella Williams instituted this suit for damages allegedly sustained by her as the result of a motor vehicle collision. Defendants are Samuel Freeman, Opelousas Area Vocational School and Associated Indemnity Corporation. The trial court rendered judgment in favor of defendants, and plaintiff has appealed.
This case was consolidated for trial and appeal with two other suits arising out of the same accident. We are rendering separate decrees in these consolidated cases today. See Charles v. Freeman et al., La. App., 263 So.2d 443, and Malbrew et al. v. Freeman et al., La.App., 263 So.2d 443.
The sole issue presented is whether Samuel Freeman, the driver of one of the vehicles involved in the collision, was negligent.
The accident occurred about 3:30 P.M. on February 23, 1970, at a point where a gravel road joins, and forms a “T” intersection with, the east side of a north-south black-topped State highway, in St. Landry Parish. Defendant Freeman was driving a Ford Econoline truck, equipped as a small bus, north on the highway. As he approached this intersection, an automobile being driven in a westerly direction by Simon Fontenot (not a party to this suit) entered the highway from the gravel road, and a collision between these vehicles occurred at that intersection.
The bus being driven by Freeman was owned by the Opelousas Area Vocational School, and at the time of the accident it was being used to transport students from the school to their respective homes in Ville Platte. There was in effect an automobile liability policy issued by Associated Indemnity to the Vocational School covering that bus. Several students were riding as passengers in the bus at the time of the collision, including Lou Ella Wiliams and the plaintiffs in the other two companion suits. The plaintiffs in all of these cases claim that they sustained personal injuries as a result of that accident.
The testimony is conflicting as to how the accident occurred. After reviewing the record, we have concluded that Freeman was driving his bus at a speed of about 45 miles per hour as he approached this intersection. This was well within the 60 mile per hour speed limit which applied to that area, and we find that he was driving at a reasonable speed. The intersection was unmarked, and a motorist on the highway normally would have some difficulty in detecting that it was an intersection until he reached a point near it. Trees and shrubbery obscured Freeman’s view of the approaching Fontenot car until the latter reached the shoulder of the highway. The highway, of course, was the preferred thoroughfare.
When Freeman reached a point on the highway within 100 feet of the intersection, the Fontenot car suddenly entered the highway from the gravel road, directly in front of the bus. Freeman applied his brakes immediately, and although he caused the wheels of the bus to skid 54 feet, the front of the bus struck the left front part of the Fontenot car. The accident occurred in the north bound lane of the highway, at the point where the highway forms a “T” intersection with the gravel road.
Plaintiff contends that Freeman was engaged in horseplay with one of the passengers in the bus when the accident occurred, that he was not watching the road ahead of him and that he thus was negligent in failing to maintain a proper lookout. The evidence does not support that contention. We find that the driver was not engaged in any such horseplay, that he was observing the road ahead and that he applied his brakes and attempted to stop as soon as it was possible for him to see the Fontenot car enter the highway.
*443 We agree with the trial judge that defendant Freeman was not negligent, and that he is not liable for the damages which the plaintiffs in these consolidated cases may have sustained as a result of that accident.
It is unnecessary for us to consider the question of whether the bus was being used as a common carrier at the time of the accident, thus requiring the driver to exercise a greater degree of care in operating it, because our finding, is that Freeman was free from any negligence at all, even the slightest degree of fault. There can be no liability on his part, therefore, whether the bus was or was not being used as a common carrier.
For these reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.